UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DERRICK FORD,

    Plaintiff,

v.

BRENDA BUCHANAN,

    Defendant.

_____/

Case No. 2:24-cv-54

HON. ROBERT J. JONKER

**<u>ORDER APPROVING AND ADOPTING REPORT AND RECOMMENDATION</u>**

The Court has reviewed Magistrate Judge Vermaat's Report and Recommendation, (ECF No. 23), Plaintiff's Objections to the Report and Recommendation, (ECF No. 24), and Defendant's response thereto (ECF No. 25). Under the Federal Rules of Civil Procedure, where—as here—a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on *de novo* reconsideration, he or she finds it justified." 12 C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE § 3070.2 (3d ed. June 2024 update). Specifically, the Rules provide that:

> The district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

FED R. CIV. P. 72(b)(3).  *De novo* review in these circumstances requires at least a review of the evidence before the Magistrate Judge.  *Hill v. Duriron Co., Inc.*, 656 F.2d 1208, 1215 (6th Cir. 1981).  The Court has reviewed *de novo* the claims and evidence presented to the Magistrate Judge.  After its review, the Court finds that Judge Vermaat's Report and Recommendation is factually sound and legally sound.

## DISCUSSION

On June 28, 2024, Defendant Buchanan moved for summary judgment based on Plaintiff's failure to exhaust his administrative remedies before filing his complaint.  (ECF No. 20).  Plaintiff did not respond.  In considering Defendant's motion, the Magistrate Judge noted that although Plaintiff did not respond, Plaintiff had attached various grievance records to his amended complaint.  (ECF No. 23, PageID.106).  But Plaintiff's records did not establish or even suggest that Plaintiff had pursued any of his grievances through all three steps of the Michigan Department of Corrections (MDOC) grievance procedure.  (*Id.*, PageID.107-108 (citing ECF No. 10-1, PageID.28, 33)).  In contrast, Defendant's records from the MDOC showed that Plaintiff had not pursued *any* grievances through all three steps of the grievance procedure prior to filing his complaint.  (*Id.*, PageID.109 (citing ECF No. 20-1, PageID.88)).  The Magistrate Judge therefore recommended that the Court grant Defendant's motion for summary judgment on the basis of exhaustion and dismiss this case without prejudice.  (*Id.*, PageID.110).

In objecting to the Magistrate Judge's Report and Recommendation, Plaintiff argues that both Defendant Buchanan and the warden of his facility were "well aware" of his pain and suffering at the hands of Defendant Buchanan.  (ECF No. 24, PageID.111.)  Plaintiff further states that he was directed to write the warden if he "did not receive Step 3."  (*Id.*)  But while Plaintiff attached a letter and grievance addressed to the warden to his amended complaint, they predated

his other grievances. (ECF No. 10-1, PageID.30.) More importantly, Plaintiff's statement that he was told to write the warden in lieu of a Step III grievance is unverified; there is no evidence that Plaintiff was so instructed. And the MDOC grievance procedure in place at the time provided that:

> A grievant may file a Step III grievance if s/he is dissatisfied with the Step II response or does not receive a timely response. To file a Step III grievance, the grievant must send a completed Prisoner/Parolee Grievance Appeal form (CSJ-247B) to the Grievance Section within ten business days after receiving the Step II response or, if no response was received, within ten business days after the date the response was due, including any extensions.

MDOC Policy Directive 03.02.130 ¶ HH (effective Mar. 18, 2019). As such, the Magistrate Judge correctly determined that there are no genuine issues of material fact, and that Plaintiff failed to exhaust his administrative remedies.

## CONCLUSION

For the reasons set forth above,

**IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge (ECF No. 23) is **APPROVED AND ADOPTED** as the Opinion of the Court.

**IT IS FURTHER ORDERED** that this case is **DISMISSED WITHOUT PREJUDICE**. A separate Judgment will enter.

Dated:  October 29, 2024             /s/ Robert J. Jonker
                                     ROBERT J. JONKER
                                     UNITED STATES DISTRICT JUDGE